# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JEWELL THOMAS, ) | |
|       Plaintiff, ) | |
| vs. ) | No. 3:19-CV-2903-G (BH) |
| ) | |
| NFN REHMA, et al. ) | |
| ) | |
|       Defendants. ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the plaintiff's case should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

## I. BACKGROUND

Jewell Thomas (Plaintiff), a state prisoner[2], sues Dallas County and Parkland Hospital, as well as Dallas County Sheriff Marian Brown (Sheriff), Dr. Zia Rehman (Doctor), Nurse Practitioner Miroslawa Giovi (Nurse), and Dr. Frederick P. Cerise, the president and chief executive officer of Parkland Hospital (President/CEO), in their official capacities only, under 42 § U.S.C. 1983. (docs. 3, 9.)[3] He generally claims that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth and Fourteenth Amendments by: (1) not providing him with a bottom bunk permit, causing chronic pain and suffering; (2) not providing him with a bottom floor permit, causing chronic pain and suffering; (3) not providing him with physical therapy treatment, causing chronic pain and suffering; (4) not providing him with a pain management plan, causing

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for findings, conclusions, and recommendation.

[2] Although his complaint concerns medical treatment received while in state custody, and he is currently incarcerated, Plaintiff was not incarcerated when he filed this lawsuit. (*See* docs. 3, 10.)

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than any page numbers at the bottom of filings.

chronic pain and suffering; (5) not providing him with adequate medical care to treat his chronic pain, causing a lack of sleep; (6) not providing him with adequate medical care to treat his psychiatric and psychological pain, causing a lack of sleep; (7) not treating his chronic pain syndrome, causing ongoing pain and suffering; (8) not treating his chronic pain, causing a lack of exercise ability; (9) not providing him with psychological counseling or psychological therapy, causing chronic pain and suffering; (10) not providing him with a proper discharge plan and failing to provide him with a supply of antipsychotic medication before his release from custody; (11) not providing him with prescribed medications used to reduce chronic pain, causing ongoing pain and suffering; and (12) administering antipsychotic medication, leading to an incomplete branch block. (doc. 3 at 5.)

More specifically, Plaintiff claims that Doctor "failed to properly address complaints of chronic pain," leading to other pain relatated symptoms, and that Nurse failed to address his "complaints of psychotic features in that she failed to provide the proper treatment," leading to other "mental health related symptoms." (doc. 9 at 1-2.) He admits that he received "some" unspecified treatment, but he complains about the frequency, pain medication and mental health care were inadequate. (*Id.* at 5.)  Sheriff and Dallas County allegedly violated his rights by adopting an unconstitutional policy that excluded his unspecified medical condition from a list of medical conditions qualifying prisoners for bottom bunk and bottom floor permits, resulting in his "chronic pain and suffering", and that Parkland Hospital and President/CEO violated his rights through unspecified policies. (*Id.* at 4, 6.)  He seeks monetary damages. (*Id.* at 6.)

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject

2

to screening under 28 U.S.C. § 1915(e)(2).[4] Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or of any part of it, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The analysis for determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is the same one employed under Fed. R. Civ. P. 12(b)(6). *See Fierro v. Knight Transp.*, No. EP-12-CV-218-DCG, 2012 EL 4321304, at *7 (W.D. Tex. Sept. 18, 2011), slip copy, (citing *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam)) (applying the same standard of review applicable to dismissals under Rule 12(b)(6) for screening dismissals under § 1915(e)(2)(B)(ii)); *Holt v. Imam*, NO. C-07-406, 2008 WL 1782351, at *2 (S.D. Tex. Apr. 17, 2008) (citing *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998)) (noting that § 1915A(b)(1), § 1915(e)(2)(B)(ii), and Rule 12(b)(6) all employ the same language—"failure to state a claim upon which relief may be granted"). Under Rule 12(b)(6), a court cannot look beyond the face of the

---

[4] Because Plaintiff does not appear to have been incarcerated when he filed his complaint, the screening provision applicable to complaints filed by prisoners, 28 U.S.C. § 1915A, is inapplicable. *See* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a *prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity.") (emphasis added); *see also Olivas v. Nevada ex rel. Dep't of Corrections*, 856 F.3d 1281, 1284 (9th Cir. 2017) ("Accordingly, we hold that court may screen a complaint pursuant to 28 U.S.C. § 1915A only if, at the time the plaintiff files the complaint, he is 'incarcerated or detained in any facility [because he] is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.'").

pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "[P]leadings" for purposes of a motion to dismiss include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.*; *accord Iqbal*, 556 U.S. at 678.

### III. SECTION 1983

Plaintiff's claims arise under 42 U.S.C. § 1983. That statute "provides for a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a § 1983 claim, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

4

To succeed on a claim for damages for inadequate medical care, a plaintiff must demonstrate that there has been "deliberate indifference to serious medical needs" by prison officials or other state actors. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Only deliberate indifference, "an unnecessary and wanton infliction of pain...or acts repugnant to the conscience of mankind," constitutes conduct proscribed by the Eighth Amendment. *Id.* A prison official is liable for "deliberate indifference" "only if he knows that the inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

There are two requirements an inmate must satisfy to establish a constitutional violation based on inadequate medical care. *Farmer*, 511 U.S. at 832. "First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (quotation omitted). This objective component requires deprivation of a sufficiently serious medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). For the second component, the plaintiff must establish that the defendant possessed a culpable state of mind. *Farmer*, 511 U.S. at 838 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. If a court finds that either component is not met, it need not address the other component. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

"Unsuccessful medical treatment, acts of negligence, or medical malpractice do not

5

constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citing *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999)) (further citations omitted). "Furthermore, the decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'" *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Estelle*, 429 U.S. at 107). To show deliberate indifference, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).[5]

### A. **County Employees**

Plaintiff sues Doctor, Nurse, and Sheriff in their official capacities only. (*See* doc. 9 at 1-3, 6.) An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (noting that "[i]t is *not* a suit against the official personally, for the real party in interest is the entity") (emphasis added). Plaintiff's claims against Sheriff, Doctor, and Nurse in their official capacities are, in effect, claims against their employer, Dallas County. *See*, *e.g.*, *Stiff v. Stinson*, No. 3:12-CV-4998-D, 2013 WL 3242468, at *3 (N.D. Tex. June 27, 2013) (citing *Kentucky*, 473 U.S. at 165; *Carson v. Dallas County Jail*, No. 3:13-CV-0678-K, 2013 WL 3324222, at *6 (N.D. Tex. June 28, 2013)

---

[5] "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976)). A § 1983 plaintiff must "specify the personal involvement of each defendant..." *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *see also Green v. Director, TDCJ-CID*, CIVIL ACTION NO. 6:20cv328, 2022 WL 484098, at *4 (E.D. Tex. Jan. 20, 2022), *rec. accepted* 2022 WL 476075 (E.D. Tex. Feb. 16, 2022) (same).

(treating official-capacity claims against county doctor and nurse as claims against Dallas County). Because Plaintiff also sued Dallas County, the official-capacity claims against Doctor, Nurse, and Sheriff are redundant and should be dismissed on that basis. *See*, *e.g.*, *U.S. ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 322 (5th Cir. 2016) (affirming a district court's dismissal of official-capacity claims because the official-capacity claims were "redundant"); *Brown v. City of Houston, Texas*, Civil Action No. H-17-1749, 2019 WL 7037391, at *6 (S.D. Tex. Dec. 20, 2019) (dismissing official-capacity claims as redundant that duplicated the claims against the municipality); *Dreyer v. City of Southlake*, No. 4:06-CV-644-Y, 2007 WL 2458778, at *9-10 (N.D. Tex. Aug. 22, 2007) (official-capacity claims against the defendants were dismissed as redundant because the city was already a party).

**B.** **Dallas County**

Plaintiff alleges that Dallas County, through Sheriff, "adopted the policy that certain medical condition[s] granted inmates the right to a bottom bunk and bottom floor permit," and that his condition should have been on the list but was not. (doc. 9 at 4.)[6]

    *1.* *Municipal Liability*

Municipalities, including counties, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008). A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Jones v. City of Hurst, Tex.*, No. 4:05-CV-798-A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006) (citing *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). It is well-settled that a municipality cannot be liable

---

[6] Plaintiff's answers to the questions in the magistrate judge's questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

under a theory of *respondeat superior*, however. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010); *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). Official municipal policy includes the decisions of the government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Monell*, 436 U.S. at 691-95. "Official policy" is defined as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam); *accord Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Where a policy is facially unconstitutional, a plaintiff must demonstrate that it was promulgated with deliberate indifference to the known or obvious consequences that constitutional violations would result. *Piotrowksi*, 237 F.3d at 579-80 & n.22; *accord Peterson v. City of Fort Worth*, 588 F.3d 838, 849-50 (5th Cir. 2009), *cert denied*, 562 U.S. 827 (2010). "Deliberate indifference of this sort is a stringent test, and 'a showing of simple or even heightened negligence will not suffice' to prove municipal culpability." *Piotrowski*, 237 F.3d at 579

8

(citation omitted) (stressing that "*Monell* plaintiffs [need] to establish both the causal link ('moving force') and the City's degree of culpability ('deliberate indifference' to federally protected rights)").

"The description of a policy or custom and its relationship to the underlying constitutional violation...cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dept's*, 130 F.3d 1662, 167 (5th Cir. 1997) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)); *accord Piotrowski*, 237 F.3d 578-79. "[A] complaint must contain either direct allegations on every material point necessary to sustain recovery...or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted).

Here, Plaintiff alleges that Sheriff "adopted the policy that certain medical condition[s] granted inmates the right to a bottom bunk and bottom floor permit" and that his condition should have been, but was not, on that list. (doc. 9 at 4.) Plaintiff fails to allege facts making it plausible that Sheriff implemented or adopted the policy with deliberate indifference. *Piotrowksi*, 237 F.3d at 579-80 & n.22. He does not allege the condition that he claims should have been on the list or demonstrate how Sheriff's decision to include other conditions besides his evidences deliberate indifference. He alleges, at most, a disagreement with a medical determination. Generally, however, a disagreement over a medical determination or course of treatment does not state a constitutional claim. *See*, *e.g*, *Adams v. Davis*, CIVIL ACTION NO. 6:19cv047, 2021 WL 4129482, at *6 (E.D. Tex. July 12, 2021), *rec. accepted* 2021 WL 4125096 (E.D. Tex. Sep. 9, 2021) ("It is well established that disagreement with or differences of opinion about treatment options provided does not rise to the level of deliberate indifference and does not demonstrate a constitutional violation.") (citing *Gobert*, 463 F.3d at 346; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997)).

Further, claims against municipalities fail if there is no underlying constitutional violation, and as discussed below, Plaintiff has not alleged any medical indifference claim here, much less one that could be attributed to a policy of Dallas County. *See Whitley v. Hanna*, 726 F.3d 648-49 (5th Cir. 2013) ("All of Whitley's inadequate supervision, failure to train, and policy, practice, or custom claims fail without an underlying constitutional violation.") (citing *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 467 (5th Cir. 2010)). Plaintiff fails to plausibly allege that any prison medical policy related to bottom bunks and bottom floor permits was implemented or enforced with deliberate indifference to his serious medical needs, so he fails to plead a constitutional violation in relation to that policy. *See*, *e.g.*, *Estrada v. Nehls*, 524 F.Supp.3d 578, 590 (S.D. Tex. Mar. 9, 2021) (dismissing claim based upon allegedly unconstitutional prison policy where there were no allegations that policy was implemented with deliberate indifference to the plaintiff's constitutional rights).

### 2. *Respondeat Superior*

Plaintiff also claims that Doctor and Nurse were deliberately indifferent to his serious medical needs because Doctor "failed to properly address complaints of chronic pain," which led to other "pain related symptoms", and Nurse "failed to properly address complaints of psychotic features in that she failed to provide the proper treatment," which led to "other mental health related symptoms." (doc. 9 at 1-2.) He admits, however, that he received "some" medical treatment (which he characterizes as infrequent and inadequate). (*Id*. at 5.)

To the extent that Plaintiff relies on the alleged conduct of county employees to establish municipal liability against Dallas County, municipalities are not liable for unconstitutional actions of their employees under the theory of *respondeat superior*. *Piotrowski*, 237 F.3d at 578; *Groden*

10

*v. City of Dallas*, 826 F.3d 280, 283 (5th Cir. 2016) (citing *Monell*, 436 U.S. at 694).

Moreover, Plaintiff's allegations are insufficient to state a medical indifference claim. He does not claim that Doctor "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson*, 759 F.2d at 1238. He also does not say why, specifically, Nurse's treatment was deficient. He instead appears to simply disagree with the treatment he received, including its frequency. *See*, *e.g.*, *Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019) (noting that disagreement about the recommended medical treatment is generally not sufficient to show deliberate indifference); *Gobert*, 463 F.3d at 346 (noting that, absent exceptional circumstances, a prisoner's disagreement with his medical condition does not establish deliberate indifference) (citations omitted); *Evans v. Lopinto*, CIVIL ACTION NO. 18-8972, 2022 WL 1748356, at *11 (E.D. La. May 31, 2022) ("Plaintiff's claim against Dr. Lo as to the frequency, location, and method of treatment are 'classic example[s] of a matter of medical judgment' which are not sufficient to establish a claim for deliberate indifference.") (citing *Dryer v. Houston*, 964 F.3d 374, 381 (5th Cir. 2020)).[7] Even if his allegations were liberally construed as asserting claims against Doctor and Nurse in their individual capacities, Plaintiff's claims would fail to state a claim upon which relief could be granted.

In conclusion, because Plaintiff failed to make any allegations from which it could be

---

[7] Plaintiff's allegations the defendants collectively denied him adequate treatment do not state a plausible medical indifference claim. First, he fails to allege or show that any named defendant was aware of a serious risk of harm to him but nevertheless acted with deliberate indifference. He simply alleges all the ways he thinks his treatment could have been better. (doc. 3 at 5.) Second, these allegations do not specify the personal involvement of any individual defendant; they are lumped together. A plaintiff cannot maintain a § 1983 action by "lumping together all defendants, while providing no factual basis to distinguish their conduct." *Del Castillo v. PMI Holdings North America Inc.*, Civil Action No. 4:14-CV-3435, 2015 WL 3833447, at *6 (S.D. Tex. June 22, 2015) (citing *Atuahene v. City of Hartford*, 10 F. App'x 33, 24 (2d Cir. 2001)); *see also Bowling v. Willis*, CIVIL ACTION NO. 4:18-CV-ALM-CAN, 2019 WL 2517090, at *9 (E.D. Tex. Apr. 2, 2019), *rec. accepted* 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019) (same).

inferred that the policy he challenges was enacted with the requisite deliberate indifference, and because he fails to allege any other constitutional violation, his claims against Dallas County lack merit and should be dismissed.

### C. Parkland Hospital and President/C.E.O.

Plaintiff also sues Parkland Hospital and its President/C.E.O. in his official capacity only. (doc. 9 at 4, 6.) Parkland Hospital is owned by Dallas County and is a governmental entity. *See Crain v. Menchaca*, Civil Action No. 3:12-CV-4063-L, 2014 WL 26269, at *3 (N.D. Tex. Jan. 2, 2014). Plaintiff's claim against Parkland Hospital "must be premised upon a policy or custom officially adopted by Parkland which deprived him of a federally protected right." *Id.* (citing *Kinzie v. Dallas County Hosp. Dist.*, 239 F.Supp.2d 618, 624 (N.D. Tex. 2003), *aff'd*, 106 F. App'x 192 (5th Cir. 2003)).

Plaintiff only alleges in vague, conclusory terms, that "[Parkland Hospital] violated my rights through its policies." (doc. 9 at 4.) The specific policy must be identified. *See Piotrowski*, 237 F.3d at 579-80 ("It follows that each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff, and it must be determined whether each one is facially constitutional or unconstitutional."). He also fails to allege any underlying constitutional violation that could be attributed to Parkland Hospital. Plaintiff's conclusory allegations fail to state a claim under § 1983. *See, e.g.*, *Richards v. Johnson*, 115 F. App'x 677 (5th Cir. 2004).

Because the claim against President/CEO in his official capacity is redundant of the claim against his employer, Parkland Hospital, Plaintiff's claim against him is subject to dismissal on that basis. *See, e.g. Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010) (noting that the plaintiff's § 1983 claims against a governmental entity "render[ed] any official capacity claim against [an

12

employee of that entity] redundant').

## IV. OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already plead his best case. *See Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint. *See Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint."). Because Plaintiff responded to a questionnaire in which he was able to assert all facts supporting his claim, he has pleaded his best case, and leave to amend is not warranted.

## V. RECOMMENDATION

The plaintiff's claims should be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**SO RECOMMENDED** on this 28th day of October, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

14